[Cite as *Bromer v. Wyman*, 2025-Ohio-823.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

PHILIP BROMER, et al.

    Appellants

    v.

DEAN WYMAN, et al.

    Appellees

C.A. No.     31126

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2021 01 0108

DECISION AND JOURNAL ENTRY

Dated: March 12, 2025

---

CARR, Judge.

**{¶1}** Appellants, Philip Bromer, the Lewis W. Bromer and JoAnn J. Bromer Revocable Living Trust "(the Trust"), and the Estate of JoAnn Bromer ("the Estate"), appeal the judgment of the Summit County Court of Common Pleas. This Court reverses and remands for further proceedings consistent with this decision.

I.

**{¶2}** Philip Bromer is the son of the late Lewis and JoAnn Bromer. Lewis Bromer passed away in 2012. The instant controversy stems from a sequence of events that transpired after JoAnn Bromer passed away in 2018. Philip Bromer is the beneficiary of his parents' trust.

**{¶3}** As of 2018, Philip Bromer resided at a house in Cuyahoga Falls ("the Cuyahoga Falls property") with his mother, JoAnn Bromer, his sister, Cyndie Wyman, and his brother-in-law, Dean Wyman. JoAnn Bromer passed away in August 2018. At that time, the Cuyahoga Falls property passed in equal shares to Philip Bromer and Cyndie Wyman. Upon JoAnn Bromer's

passing, Philip Bromer and Cyndie Wyman re-deeded the Cuyahoga Falls property to themselves in order to create rights of survivorship. Cyndie Wyman passed away in October 2019. Philip Bromer's other sister, Christine Bromer, passed away not long after.

{¶4} Dean Wyman soon commenced a relationship with Cyndie Wyman's friend, Michelle. Dean Wyman and Michelle would become engaged and get married in 2020. It appears that, for a very short time, Philip Bromer resided at the Cuyahoga Falls property with Dean and Michelle Wyman. Philip Bromer conveyed by deed a one-half interest in the Cuyahoga Falls property to Dean Wyman.

{¶5} Tensions between Philip Bromer and Dean Wyman escalated in the months that followed Cyndie Wyman's passing. Philip Bromer maintains that, in addition to demanding unreasonable sums of money for expenses concerning the Cuyahoga Falls property, Dean Wyman began filing police reports that contained false allegations. Dean and Michelle Wyman maintain that the tensions stemmed from the fact that Philip Bromer began engaging in increasingly erratic behavior during a time when Dean Wyman was attempting to save the Cuyahoga Falls property from falling into foreclosure. Phillip Bromer ultimately vacated the premises, although there were continued disputes in regard to expenses related to the Cuyahoga Falls property.

{¶6} Thereafter, Philip Bromer conveyed the Cuyahoga Falls property to Dean Wyman via a quit claim deed for one dollar and other consideration, although the circumstances under which this conveyance occurred have been sharply disputed throughout this litigation. Dean and Michelle Wyman suggest that Philip Bromer no longer wanted anything to do with the property. Philip Bromer insists that, due to his limited reading ability, he thought he was merely signing a document memorializing an agreement that he was no longer required to pay money to Dean

Wyman. Philip Bromer maintains that he was never given any consideration for the Cuyahoga Falls property.

{¶7} Dean Wyman subsequently conveyed an interest in the Cuyahoga Falls property to Michelle Wyman. Thereafter, Dean and Michelle Wyman conveyed an interest in the property to Robert Wyman.

{¶8} In January 2021, Bromer filed a pro se complaint against Dean and Michelle Wyman seeking to recover possession of the Cuyahoga Falls property, as well as the personal property contained therein.

{¶9} After obtaining counsel, Philip Bromer filed an amended complaint seeking a declaration that the deed transferring his interest in the Cuyahoga Falls property to Dean Wyman was invalid, that Bromer was entitled to sole possession of the Cuyahoga Falls property, and that Bromer was entitled to sole possession of the personal effects contained within the Cuyahoga Falls property. The Trust filed a motion to intervene with the consent of Philip Bromer, noting that the personal property specified in the complaint never went through probate and, thus, the Trust sought to protect its interest in the property. Dean and Michelle Wyman filed an answer generally denying the claim in the complaint and asserting multiple counterclaims against Philip Bromer.

{¶10} The procedural posture of this case became somewhat convoluted in the months that followed. The trial court issued a number of orders aimed at resolving discovery disputes that had arisen between the parties. The trial court also denied the Trust's motion to intervene. Dean and Michelle Wyman subsequently filed amended counterclaims styled in conversion, replevin, and trespass. Philip Bromer filed an answer denying the allegations in two of the counterclaims, as well as a motion to dismiss the third counterclaim. After the trial court denied Philip Bromer's motion to dismiss the third counterclaim, Philip Bromer filed an amended answer to the third

counterclaim, as well as a "[c]ounterclaim to [the] [c]ounterclaim" where he renewed many of his core allegations but extended his prayer for relief on behalf of the Trust and the Estate.

{¶11} Around that time, Philip Bromer filed a motion for leave to file a second amended complaint on the basis that it was necessary to join certain plaintiffs and to name additional defendants who had an interest in the Cuyahoga Falls property. The trial court granted the motion for leave. Thereafter, a second amended complaint was filed that named Philip Bromer, the Trust, and the Estate as plaintiffs. The complaint specified that Philip Bromer's brother, Curtis Bromer, served as both the trustee of the Trust and the executor of the Estate. The named defendants in the second amended complaint were Dean Wyman, Michelle Wyman, Robert E. Wyman, and Huntington National Bank. The central component of the second amended complaint was a request for a series of declarations regarding Philip Bromer's ownership interest in the Cuyahoga Falls property and the personal effects contained therein. The Plaintiffs also sought a number of declarations regarding the illegality of Dean and Michelle Wyman's conduct in soliciting funds for the expenses related to the Cuyahoga Falls property. The second amended complaint set forth numerous additional claims, including claims for conversion, unjust enrichment, and other equitable relief. Dean and Michelle Wyman and Huntington filed answers denying the allegations raised in the amended complaint.[1]

{¶12} The Estate filed an amended complaint on its own behalf, noting that it was necessary to clarify its interest in certain assets. Most notably, the Estate alleged that Dean Wyman had unlawfully withdrawn funds from JoAnn Bromer's Huntington bank account, as well as a line

---

[1] Philip Bromer filed a motion to have facts deemed admitted in regard to the allegations in the counterclaim to the counterclaim, as they pertained to Robert Wyman. Due to the fact that the allegations were very similar to those in the second amended complaint, in addition to the convoluted procedural history of this case, the trial court denied this motion.

of credit in her name, after her passing. In addition to claims for conversion and unjust enrichment, the Estate sought a declaration that Dean Wyman had misappropriated funds and personal property that were subject to the Estate. The Wymans and Huntington filed their respective answers in which they denied the allegations contained in the Estate's amended complaint.

{¶13} The Wymans subsequently filed a motion for partial summary judgment in relation to the claims pertaining to the Cuyahoga Falls property. The Wymans argued that they were entitled to a judgment that affirmed the validity of the deeds that transferred the Cuyahoga Falls property to Dean Wyman and extinguished Philip Bromer's interest. Huntington filed its own motion wherein it asked the trial court to either strike the claims against it or, in the alternative, grant summary judgment on those claims. Philip Bromer, the Trust, and the Estate filed briefs in opposition to the summary judgment motions and requested a determination of the issues remaining for trial. Philip Bromer, the Trust, and the Estate also filed several motions to strike a number of filings made by the Defendants on the basis that they were filed out of rule.

{¶14} A magistrate issued a decision denying the Wymans' motion for partial summary judgment on the basis that questions of material fact remained as to those claims. The magistrate granted Huntington's motion for summary judgment. After noting that the only claims asserted directly against Huntington stemmed from the Estate's amended complaint, the magistrate determined that Huntington was entitled to summary judgment because there was no evidence that Huntington breached a duty regarding the accounts connected to JoAnn Bromer. Furthermore, in addition to denying all of the outstanding motions to strike, the magistrate denied summary judgment on behalf of Philip Bromer, the Trust, and the Estate.

{¶15} Philip Bromer, the Trust, and the Estate filed four timely objections to the magistrate's decision. The trial court overruled two of the objections that challenged the basis for

granting Huntington's motion for summary judgment. The trial court also overruled a third objection that was aimed at challenging the magistrate's denial of several motions to strike filed by the Plaintiffs, including a motion to strike Huntington's answer to the Estate's amended complaint. The trial court sustained the fourth objection, in part, on the basis that the magistrate had mischaracterized the plaintiff's request for a determination of the issues that remained to be litigated pursuant to Civ.R. 56(D) as a motion for summary judgment. Although the trial court determined that the Plaintiffs had not, in fact, filed a motion for summary judgment, the trial found that the magistrate had correctly identified the issues that remained to be litigated. The trial court otherwise adopted the magistrate's decision.

{¶16} The matter proceeded to trial before the magistrate on the remaining issues on October 19, 2023.[2] On March 26, 2024, the magistrate issued a decision. As an initial matter, in regard to a number of the declaratory judgment claims submitted by Philip Bromer and the Trust in the second amended complaint that focused on the relationship dynamics between the parties, the magistrate denied the requested relief on the basis that the requested declarations did not seek to clarify the rights and responsibilities of the parties but instead sought miscellaneous factual findings on nonjusticiable issues. With respect to the requested declarations pertaining to the Cuyahoga Falls property and the personal property of Lewis and JoAnn Bromer identified in the Trust, the magistrate indicated that those claims were appropriate for declaratory judgment. Regarding the Cuyahoga Falls property, the magistrate conducted an analysis of the various deeds that had been executed since the passing of JoAnn Bromer and, based on its conclusion that those

---

[2] After the parties filed written closing arguments, the parties filed several post-trial motions. The Wymans moved to strike certain prayers for relief made by the Plaintiffs in their closing argument. In response, Plaintiffs filed a motion for sanctions as well as a motion to supplement the record with newly discovered evidence. All of the post-judgment motions were denied in the magistrate's decision.

deeds were not void, it denied Philip Bromer and the Trust's request for declaratory relief. Regarding the personal property of Lewis and JoAnn Bromer, the magistrate concluded that because the Plaintiffs had failed to demonstrate that the property in question was transferred into the Trust, and thus subject to distribution, the magistrate denied the request for a declaration that the property belonged solely to Philip Bromer and the Trust.

{¶17} As for the Estate, the magistrate found that the majority of the requested declarations prayed for in the Estate's amended complaint were not suitable for declaratory judgment because they sought factual findings on nonjusticiable issues that were unrelated to determining the rights and responsibilities of the parties. Regarding the Estate's remaining requests for declarations, which involved Dean Wyman's alleged misappropriation of funds and assets that belong to the Estate, the magistrate found that the court lacked authority to render declarations on those issues because Curtis Bromer had opened JoAnn Bromer's estate in probate court prior to the Estate becoming a party in the instant action. Because the probate court had already exercised jurisdiction over those issues, the magistrate ordered the dismissal of those claims.

{¶18} The magistrate denied Philip Bromer, the Trust, and the Estate's remaining claims for fraudulent inducement, conversion, replevin, and other equitable relief. Finally, the magistrate denied Dean and Michelle Wyman's counterclaims for conversion, replevin, and trespass.

{¶19} Near the end of the 14-day window to file objections, counsel for the Plaintiffs filed a motion for an extension of time to file objections on the basis that trial counsel been out of the country for more than a week and needed additional time to prepare objections. The trial court denied the motion on the basis that counsel had not demonstrated good cause for an extension.

Shortly thereafter, the trial court issued an order independently adopting the magistrate's decision and making it the order of the court.

{¶20} Philip Bromer, the Trust, and the Estate filed a timely notice of appeal and now raise three assignments of error.[3]

II.

## ASSIGNMENT OF ERROR I

THE MAGISTRATE AND THE TRIAL COURT ERRED IN GRANTING HUNTINGTON'S SUMMARY JUDGMENT MOTION AS HUNTINGTON DID NOT MEET ITS EVIDENTIARY BURDEN PURSUANT TO [CIV.R.] 56(C)[.]

{¶21} In their first assignment of error, Philip Bromer, the Trust, and the Estate argue that the trial court erred in overruling their objections and adopting the magistrate's decision that granted summary judgment in favor of Huntington Bank.

{¶22} Generally, "[t]his Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *Tabatabai v. Tabatabai*, 2009-Ohio-3139, ¶ 17 (9th Dist.). Under an abuse of discretion standard of review, this Court must determine whether the trial court's decision was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai* at ¶ 18.

{¶23} In reviewing an award of summary judgment, this Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party

---

[3] On October 17, 2024, this Court issued a show cause order regarding whether any of the claims in this case fell within the exclusive jurisdiction of the probate court. The parties filed timely responses. Upon due consideration, this Court is satisfied that all of the claims at issue in this appeal are properly before us for review.

9

and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co*., 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶24} Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶25} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id*. Once a moving party satisfies its burden of supporting its motion for summary judgment with acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. *Id*. at 293. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated at trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶26} The Plaintiffs named Huntington as a defendant in the second amended complaint due to the fact that Huntington had an interest in the Cuyahoga Falls property. The subsequent filing of the Estate's amended complaint marked the first time that claims were asserted directly against Huntington. The Estate alleged that, after the death of JoAnn Bromer, Huntington allowed Dean Wyman to make improper withdrawals from JoAnn Bromer's bank account and a line of credit in her name. The Estate further alleged that Huntington failed to satisfy its obligation to

ensure that taxes were paid on the Cuyahoga Falls property. Huntington filed a motion to strike the claims, or in the alternative, grant summary judgment in favor of Huntington on those claims. Notably, Huntington did not attach any materials in support of its motion, such as an affidavit pertaining to the account or line of credit in question.

{¶27} The magistrate issued a decision denying the motion to strike but granting Huntington's motion for summary judgment. In support of its summary judgment order, the magistrate stated that the Estate had not produced any evidence, such as a contract, establishing that Huntington had an obligation to pay the real estate taxes. In regard to the allegedly improper withdrawals, the magistrate concluded that the evidence established that JoAnn Bromer and Cyndie Wyman had a joint account at Huntington and that, upon JoAnn Bromer's passing, the account became the sole property of Cyndie Wyman. Noting that neither Cyndie Wyman nor her estate were parties to the action, the magistrate reasoned that none of the named plaintiffs had standing to challenge the withdrawals. In regard to the line of credit, the magistrate determined that summary judgment in favor of Huntington was appropriate because the Estate failed to provide notice of JoAnn Bromer's death.

{¶28} The Plaintiffs filed multiple objections to the magistrate's decision, including two objections that pertained directly to the summary judgment order in favor of Huntington. First, the Plaintiffs argued that summary judgment was not appropriate because Huntington had not supported its motion with evidentiary materials relating to the pertinent factual issues. Specifically, the Plaintiffs argued that Huntington had not produced any evidence establishing that JoAnn Bromer and Cyndie Wyman's' joint account included a right of survivorship. Second, the Plaintiffs objected on the basis that the magistrate misapplied the summary judgment standard by placing the initial evidentiary burden on the non-moving party.

**{¶29}** The trial court subsequently issued an order overruling each of the objections and adopting the magistrate's decision. The trial court overruled the first objection on the basis that the "record evidence" supported the magistrate's conclusion that JoAnn Bromer and Cyndie Wyman had a joint bank account with Huntington and that there was no error in the legal reasoning set forth by the magistrate. In regard to the second objection, the trial court found that Huntington had demonstrated that there was an absence of genuine issues of material fact regarding the plaintiff's claims and that Huntington was entitled to judgment.

**{¶30}** Under these circumstances, we are compelled to sustain the Plaintiffs' first assignment of error. Civ.R. 53(D)(4)(d) provides, in part, that "[i]n ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate had properly determined the factual issues and appropriately applied the law." Here, the trial court did not undertake a proper review of the issues raised by the Plaintiffs in their objections. Specifically, the trial court failed to address whether Huntington had presented evidence establishing that JoAnn Bromer and Cyndie Wyman's joint account contained a right of survivorship or, in the alternative, whether the survivorship interest in the account was triggered as a matter of law. Furthermore, the trial court did not address the Plaintiffs' core assertion, which was that the magistrate erroneously placed the burden on the non-moving party during the summary judgment proceedings. "If this Court were to address these issues in the first instance, our decision would constitute a ruling on the motion[] for summary judgment in the first instance as well, effectively depriving the non-prevailing party of appellate review." (Internal quotations and citations omitted.) *Smith v. Stow*, 2023-Ohio-4302, ¶ 42 (9th Dist.). It follows that this matter must be remanded for the trial court to address the Plaintiffs' objections in the first instance.

**{¶31}** The first assignment of error is sustained to the extent that the trial court must address the substance of the aforementioned objections in the first instance.

### ASSIGNMENT OF ERROR II

THE MAGISTRATE ERRED IN DENYING APPELLANTS' MOTION TO DEEM FACTS ADMITTED AND APPELLANTS' MOTION FOR EXTENSION TO OBJECT TO THE MAGISTRATE DECISION.

**{¶32}** Philip Bromer, the Trust, and the Estate raise multiple issues in their second assignment of error, including that the trial court abused its discretion in denying their motion for an extension of time to file objections to the magistrate's decision issued after the trial in this matter.

**{¶33}** Civ.R. 53(D)(3)(b)(i) allows a party to file written objections to a magistrate's decision within fourteen days of the filing of the decision. In this case, the magistrate filed its post-trial decision on March 26, 2024. On April 9, 2024, the Plaintiffs filed a motion for an extension of time to file objections, noting that trial counsel had been out of the country for approximately 12 days. The trial court denied the motion, reasoning that Plaintiffs had not satisfied the good cause requirement for an extension.

**{¶34}** This Court has held that a trial court's ruling on a motion for an extension of time is reviewed for an abuse of discretion. *Advanced Collision v. Toth*, 2003-Ohio-1128, ¶ 9 (9th Dist.). An abuse of discretion means more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore*, 5 Ohio St.3d at 219.

**{¶35}** Under the circumstances here, the trial court abused its discretion when it denied the Plaintiffs' motion for an extension of time to file objections to the magistrate's decision. This case was incredibly complex from a procedural standpoint. The magistrate was required to address an assortment of claims and counterclaims, many of which entailed requests for declaratory relief,

and some of which necessitated a subject matter jurisdiction analysis. Approximately five months passed between the time of trial and the time that the magistrate issued its 61-page decision. In the motion for an extension, counsel for the Plaintiffs indicated that he had been out of the country from March 28, 2024, through April 9, 2024, Counsel sought a 14-day extension. In denying the motion, the trial court observed that counsel had not provided an explanation as to why he did not file the objections during the two-day window before he left for his trip. This was not a reasonable basis for denying an extension, given the varied nature and complexity of the issues addressed in the magistrate's decision. Accordingly, we conclude that the trial court abused its discretion in denying the request for an extension of time to file objections.

{¶36} The second assignment of error is sustained to the limited extent that the trial court abused its discretion when it denied the Plaintiffs' motion for an extension to file objections to the magistrate's decision.

### ASSIGNMENT OF ERROR III

THE MAGISTRATE AND THE TRIAL COURT ERRED IN PLAIN ERROR IN THEIR DECISION BECAUSE [THEY] IMPROPERLY CONCLUDED WITHOUT ADEQUATE EVIDENCE THAT THE ACCOUNT WAS A JOINT AND SURVIVORSHIP ACCOUNT, THEREBY DEVIATING FROM PROCEDURAL REQUIREMENTS UNDER CIV.R. 56(C).

{¶37} In their third assignment of error, Philip Bromer, the Trust, and the Estate argue that the trial court erred in rendering summary judgment in favor of Huntington. In light of this Court's resolution of the first and second assignments of error, we decline to address the third assignment of error as it has been rendered moot.

III.

{¶38} The first and second assignments of error are sustained to the extent discussed above. This Court declines to address the third assignment of error as it has been rendered moot.

The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
CONCURS.

FLAGG LANZINGER, J.
<u>CONCURRING IN PART, AND DISSENTING IN PART.</u>

{¶39} I disagree with the majority's resolution of the appellants' first and third assignments of error. I would overrule the first and third assignments of error on the basis that the trial court properly granted summary judgment in favor of Huntington Bank, regardless of any erroneous reasoning. *Zelina v. Hillyer*, 2005-Ohio-5803, ¶ 23 (9th Dist.) (affirming the trial court's grant of summary judgment because the trial court "reached the correct result, albeit for the wrong reason."); *State v. Wilkins*, 2005-Ohio-5193, ¶ 21 (9th Dist.) ("[A]n appellate court shall affirm a trial court's judgment that is legally correct on other grounds, that is, one that achieves the right result for the wrong reason, because such an error is not prejudicial."). I concur with the majority's resolution of the appellants' second assignment of error because I agree that the trial court abused its discretion when it denied the appellants' motion for an extension to file objections to the magistrate's decision. Accordingly, I concur in part and dissent in part.

<u>APPEARANCES:</u>

RICK L. BRUNNER, PATRICK M. QUINN, and HANNAH FARD, Attorneys at Law, for Appellant.

DAVID C. PERDUK, Attorney at Law, for Appellees.

GLENN E. ALGIE, Attorney at Law, for Appellees.